**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 0:19-cv-61069-WPD-Dimitrouleas/Snow**

**MARK W. LILLY and SIMPLIFY BIZ INC.,**

    **Plaintiffs,**

**v.**

**SANTANDER CONSUMER USA INC.**
**d/b/a CHRYSLER CAPITAL,**

    **Defendant.**

_____/

**DEFENDANT'S MOTION TO DISMISS OR,**
**ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), by and through its undersigned counsel, moves to dismiss the Complaint filed by plaintiffs Mark W. Lilly and Simplify Biz, Inc. (collectively "Plaintiffs") under Rule 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e) because the Complaint is comprised of conclusory statements that provide no facts concerning how and in what context Chrysler Capital used the descriptive phrase "Only Pay for What You Use" in an allegedly infringing manner.

## INTRODUCTION

Plaintiffs want to stop Chrysler Capital from using the commonly-used phrase "Only Pay for What You Use" in its ordinary descriptive sense in connection with automotive leasing. Based on the Complaint, however, it is unclear precisely what

1

conduct is allegedly infringing, how Chrysler Capital used the phrase, and how consumers could be confused. In fact, Plaintiffs assert no facts concerning how or in what context they allegedly use the asserted mark. Because the Complaint at a minimum fails to provide any of the foregoing facts, Plaintiffs have failed to state a claim that is plausible on its face. Therefore, the Court should dismiss the Complaint. Alternatively, Chrysler Capital asks the Court to require that Plaintiffs provide a more definite statement because Chrysler Capital cannot reasonably formulate a responsive pleading to claims it does not understand.

## FACTUAL ALLEGATIONS

Plaintiff Mark W. Lilly ("Lilly") claims to own the federally registered mark ONLY PAY FOR WHAT YOU USE, Registration No. 2,097,167, for "business marketing consulting services in connection with selling and leasing motor vehicles." (Complaint, Dkt. No. 1, ¶17 (hereinafter, the "Compl.")). Plaintiffs assert that Lilly, non-party Maxwell Marketing, Inc. and plaintiff Simplify Biz, Inc. offer "business marketing consulting services" to companies engaged in the "selling and leasing motor vehicles." (*Id*. ¶19). Aside from attaching the U.S. Patent and Trademark Office records for the subject registration, Plaintiffs provide no facts demonstrating how, where or in what manner they use the asserted mark. (*See id*. ¶¶17-29).

Chrysler Capital, for its part, is alleged in the Complaint to be a "specialized consumer finance company focused on vehicle leasing and third-party services." (*Id*. ¶30).[1] Chrysler Capital does not operate in Plaintiffs' field—"business marketing

---

[1] Though the assertions in Paragraphs 30-31 of the Complaint are not entirely accurate, the Court shall "accept as true" these factual allegations "even if doubtful in fact." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).

consulting services." Rather, Chrysler Capital offers a wide range of financial services, including sevices relating to automotive loans. (*Id*. ¶31).

Plaintiffs assert that Chrysler Capital "adopted and began using a mark . . . that is identical to Lilly's ONLY PAY FOR WHAT YOU USE Mark, and/or otherwise began using the phrase, 'Only Pay for What You Use.'" (*Id*. ¶33). Aside from this conclusory assertion, Plaintiffs provide no factual support to demonstrate how, when or where Chrysler Capital used the descriptive and commonly-used phrase. For example, it is impossible to ascertain whether Chrysler Capital used the phrase in its ordinary and common sense to describe the nature of its services, which is not actionable. Plaintiffs proceed to assert—without any factual support—that Chrysler Capital has used the phrase in "installment contract and leases" (*id*. ¶34), that Chrysler Capital's "goods and/or services" are offered under the descriptive phrase "are directly related and in competitive proximity to" (*id*. ¶35), and travel "through similar or overlapping trade channels, media and/or outlets" as the services offered under Plaintiffs' mark. (*Id*. ¶36). Based on these conclusory statements, Plaintiffs assert that consumers and members of the trade are likely to be confused, mistaken, and deceived. (*Id*. ¶¶40-41).

Plaintiffs then rely on the conclusory allegations discussed above, asserting two claims: (1) Trademark Infringement under 15 U.S.C. §1114; and (2) Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a). In each count, Plaintiffs merely recite legal conclusions, parrot the statutory requirements for liability, and refer to allegations "as described herein," but provide no facts that give rise to a right to relief above a speculative level. (*See, id*. ¶¶44-53).

## REMARKS

I.  **Plaintiffs Fail to State a Claim for Trademark Infringement, Unfair Competition and False Designation of Origin.**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim" that will "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *accord. Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). While a court must accept as true all the factual allegations contained in a complaint, this principle is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, a court should dismiss a complaint comprised of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are not corroborated by factual allegations. *Id*.

To survive a motion to dismiss, Plaintiffs' complaint must allege facts sufficient to plausibly suggest that: (1) it owns the trademark at issue; (2) Chrysler Capital used the mark without authorization; and (3) Chrysler Capital's use is likely to cause confusion, mistake or deception as to the source, affiliation, or sponsorship of Chrysler Capital's services. *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (citation omitted).[2]

_____

[2] A plaintiff must establish the same elements for claims of unfair competition and false designation of origin brought under 15 U.S.C. §1125(a) as is required for trademark infringement

The Complaint relies almost exclusively on conclusory allegations, labels, and bare assertions devoid of factual underpinning. It is impossible to discern how Chrysler Capital has used the descriptive phrase, how consumers could be confused, or even how Plaintiffs are using their asserted mark. The few factual allegations fail to plausibly suggest an entitlement to relief. The Complaint should therefore be dismissed.

A.     **The Complaint Must Be Dismissed Because Plaintiffs Fail to Provide Any Facts Concerning How and in What Context Chrysler Capital Allegedly Used the Descriptive Phrase.**

The mere assertion of trademark infringement, without any factual allegations of the nature of the infringement, does not give Chrysler Capital fair notice of the claims against it. *See, e.g.*, *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) (The mere assertion of infringement, "without any factual allegations concerning the nature of the threatened use, does not give the defendants fair notice of the claims against them and does not show, by facts alleged, that Dow Jones is entitled to relief."); *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Plaintiffs fail to allege how, where, and in what context Chrysler Capital is using the descriptive phrase "Only Pay for What You Use." Plaintiffs provide only conclusory allegations that Chrysler Capital, "adopted and began using a mark" (Compl. ¶33) "in competitive proximity to Plaintiffs'" marks (*id*. ¶35), and in "overlapping trade channels, media and/or outlets." (*Id*. ¶36). Plaintiffs provide no facts to support their conclusory allegations. *See Dow Jones*, 451 F.3d at 307-08. Plaintiffs also assert that Chrysler Capital used the phrase in "retail

_____

under 15 U.S.C. §1114. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012).

5

motor vehicle installment contracts and leases." (*Id.* ¶34). However, Plaintiffs "must plausibly plead a commercial use to sustain a Lanham Act cause of action." *Keel v. Axelrod*, 148 F. Supp. 3d 411, 419 (E.D. Pa. 2015). One passing reference to the alleged use of the descriptive phrase in agreements (which are often confidential) fails to state a claim to relief that is plausible on its face.

The consequence of allowing Plaintiffs' conclusory allegations to proceed is to expose Chrysler Capital to potentially extensive discovery before a motion for summary judgment may be filed. Thus, the Court here "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558. Plaintiffs' conclusory allegations, without any factual support as to how, when, or in what context Chrysler Capital has allegedly used the phrase "Only Pay for What You Use," do not state a plausible claim for relief.

### B.   Plaintiffs Fail to Allege Facts that the Use of the Descriptive Phrase is Likely to Cause Consumer Confusion.

In addition to omitting facts concerning Chrysler Capital's use, the Complaint fails to allege facts sufficient to show that the use of the "Only Pay for What You Use" phrase creates a likelihood of confusion as to the source of its financial services. Conclusory allegations regarding likelihood of confusion do not comply with Rule 8 and are insufficient to survive a motion to dismiss. *See, e.g.*, *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) ("[C]onclusory and 'formulaic recitation' of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss.") (citing *Iqbal*, 556 U.S. at 687).

Plaintiffs do not claim that Chrysler Capital, like Plaintiffs, is using the phrase in connection with "business marketing consulting services" or that Chrysler Capital creates advertising materials for third parties. To the contrary, Plaintiffs allege that Chrysler Capital

offers financial services to third parties in the field of vehicle leasing, and that Chrysler Capital

has used the phrase in commerce—without any supporting facts. (Compl. ¶¶30-31, 33-34).

Plaintiffs then conclude that such use "is likely to cause – and upon information and belief has

caused – confusion," (*id*. ¶40) and "is likely to deceive – and upon information and belief has

deceived – the relevant consuming public and/or members of the trade." (*Id*. ¶41). Plaintiffs

proceed to reiterate this language for each claim, referring to Chrysler Capital's "use in

commerce . . . as described herein" or "as alleged herein." (*See*, *id*. ¶¶ 45, 50).

 Such a conclusory and "formulaic recitation" of the elements of a trademark infringement

and false designation of origin cause of action is insufficient to survive a motion to dismiss. To

the extent Plaintiffs allege anything beyond formulaic recitation of "confusion" or "likelihood of

confusion," which are insufficient to support a claim, Plaintiffs' allegations provide no insight as

to who is confused by Defendant's use of the descriptive phrase. *See Iqbal*, 556 U.S. at 687

("Rule 8 does not empower respondent to plead the bare elements of his cause of action . . . and

expect his complaint to survive a motion to dismiss.").

### C. Chrysler Capital May Use the Common Phrase to Describe the Benefits of Leasing a Vehicle.

The phrase "Only Pay for What You Use" is commonly used by the public in a general

manner and by the industry to describe the benefits of leasing a vehicle. A trademark registrant

cannot "appropriate a descriptive term for its exclusive use and so prevent others from accurately

describing a characteristic of their goods [or services]." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*,

456 F.3d 1270, 1274 (11th Cir. 2006). A defendant is therefore not liable for infringement if it

uses a phrase in a descriptive sense and in good faith. *Id*. Plaintiffs provide no facts concerning

how or in what context Chrysler Capital allegedly used the descriptive phrase. Such context is

essential to gaining an understanding of the specific wrong that Plaintiffs allege. For example, if

Chrysler Capital used the phrase, "which is descriptive of and used fairly and in good faith only to describe" the nature of its services, then Plaintiffs' claim must be dismissed. 15 U.S.C. §1115(b)(4); *see also KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118-22 (2004). Because Plaintiffs failed to allege any facts concerning Chrysler Capital's use, the Court cannot "draw 'the reasonable inference that the defendant is liable for the misconduct alleged' from the pled facts." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

## II.     Chrysler Capital Cannot Reasonably Respond to the Complaint Because Plaintiffs Plead No Facts Concerning Chrysler Capital's Use of the Descriptive Phrase.

Alternatively, Chrysler Capital asks the Court to require that Plaintiffs provide more information concerning Chrysler Capital's use of the descriptive phrase "Only Pay for What You Use" and how consumer confusion is possible, as well as facts concerning Plaintiffs' use of the asserted mark in commerce. Chrysler Capital cannot formulate a response to the Complaint because Plaintiffs have provided no factual allegations concerning how either party used the descriptive phrase.

To prevail on a motion for more definite statement, a party must show that the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e); *see also Valoro, LLC v. Valero Energy Corp.*, 14-21694-CIV, 2014 WL 3920035, at *2 (S.D. Fla. Aug. 11, 2014) (granting Rule 12(e) motion where complaint failed to specify the marks defendant allegedly infringed). "The motion should be granted only if 'the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.'" *Id*. (quoting *BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007)). Chrysler Capital cannot formulate a response to the Complaint or assert affirmative defenses

because the Complaint provides no information as to how or in what context Chrysler Capital used the descriptive phrase.

## <u>CONCLUSION</u>

Since Plaintiffs failed to plead facts to support any claim on which relief can be granted, the Complaint should be dismissed in its entirety. Alternatively, Chrysler Capital asks that the Court require that Plaintiffs provide more information because Chrysler Capital cannot formulate a response to the Complaint as currently drafted.

Date:      June 18, 2019

**LOCKE LORD LLP**

By:   */s/ Daniel J. Fiorello*
     Daniel J. Fiorello (FL Bar No. 91418)
     777 South Flagler Drive
     Suite 215 East Tower
     West Palm Beach, FL 33401
     T: 561.671.6904
     daniel.fiorello@lockelord.com

     Rory J. Radding (*pro hac vice* forthcoming)
     Brookfield Place
     200 Vesey Street, 20th Floor
     New York, New York 10281
     T: 212.912.2858
     rory.radding@lockelord.com

     H. Straat Tenney (*pro hac vice* forthcoming)
     Brookfield Place
     200 Vesey Street, 20th Floor
     New York, New York 10281
     T: 212.912.2915
     straat.tenney@lockelord.com

     *Attorneys for Santander Consumer USA*
     *Inc., d/b/a Chrysler Consumer.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2019, I filed the foregoing document via the Court's CM/ECF system which will automatically send electronic notice of such filing to all counsel of record registered with the Court's CM/ECF system, namely:

Aiman Saleem Farooq
2255 Glades Rd
Suite 300E
Boca Raton, FL 33431
(561) 989-9080
Fax: (561) 989-9020
Email: asf@sallahlaw.com

David Fisher Tamaroff
Morgan & Morgan, P.A.
Business Trial Group
703 Waterford Way, Suite 1050
Miami, FL 33126
(305) 929-1922
Fax: (305) 929-1941
Email: dtamaroff@forthepeople.com

*/s/ Daniel Fiorello*
Daniel Fiorello