IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:19-cv-61069-WPD-Dimitrouleas/Snow

MARK W. LILLY and SIMPLIFY BIZ INC.,

       Plaintiffs,

v.

SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL and ENTERPRISE FINANCIAL GROUP, INC. d/b/a EFG COMPANIES,

       Defendants.

_____/

## DEFENDANT SANTANDER CONSUMER USA INC. D/B/A CHRYSLER CAPITAL'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), by and through its undersigned counsel, moves to dismiss the First Amended Complaint under Rule 12(b)(6) because Chrysler Capital has used the descriptive phrase "Only Pay for What You Use" in good faith to describe the benefits of leasing a vehicle and has never used the phrase as a trademark to identify the source of its services.

## INTRODUCTION

Plaintiffs allege that their trademark "Only Pay for What You Use" is infringed by the fleeting two-second use of the descriptive phrase in an informational video and in one sales flyer. Plaintiffs have not pleaded facts that could support their allegations that Defendants' use of "Only Pay for What You Use" is anything but non-trademark fair use

1

of the descriptive phrase. The Court should therefore dismiss the First Amended Complaint because it fails to state a claim upon which relief can be granted and, further, decline to provide Plaintiffs a third opportunity to plead since all the alleged conduct is not infringing as a matter of law.

## FACTUAL ALLEGATIONS

Plaintiffs' original Complaint was comprised of conclusory statements that provide no facts concerning how and in what context Chrysler Capital allegedly used the descriptive phrase "Only Pay for What You Use." (Dkt. No. 1). Chrysler Capital therefore moved to dismiss. (Dkt. 9). Instead of responding to Defendants' motion, Plaintiffs filed the First Amended Complaint, specifying only two instances of allegedly infringing conduct and adding a new defendant Enterprise Financial Group, Inc. ("EFG"). (First Am. Compl., Dkt. No. 20)

Plaintiff Mark W. Lilly claims to own the federally registered mark ONLY PAY FOR WHAT YOU USE, Registration No. 2,097,167, for "business marketing consulting services in connection with selling and leasing motor vehicles." (*Id*. ¶1). Plaintiffs assert that Lilly, Simplify Biz, Inc. and non-party Maxwell Marketing, Inc. provide "business marketing and consulting business" to automotive dealerships. (*Id*. ¶37). Aside from conclusory allegations, Plaintiffs provide no facts demonstrating how, where or in what manner they use their asserted mark. (*See id*. ¶¶24-39).

Chrysler Capital, for its part, is alleged to be a "specialized consumer finance company focused on vehicle leasing and third-party services." (*Id*. ¶40).[1] Chrysler

---

[1] Though the assertions in Paragraphs 40-41 of the First Amended Complaint are not entirely accurate, the Court shall "accept as true" these allegations "even if doubtful in fact." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted).

2

Capital does not operate in Plaintiffs' field—"business marketing and consulting services." Rather, Chrysler Capital offers a wide range of financial services, including services relating to automotive loans. (*Id*. ¶41). EFG offers a variety of "motor-vehicle related products and services to automotive dealers, agents, and financial institutions." (*Id*. ¶43). Plaintiffs do not provide separate factual allegations concerning the conduct of Chrysler Capital and EFG. Rather, Plaintiffs group both of the Defendants together as if they acted in concert—even though each are distinct and separate entities that provide separate services to customers. (*See id*. ¶¶55-65).

Plaintiffs specifically raise only two instances of allegedly infringing conduct—(1) the use of the phrase "Bottom Line: Only Pay For What You Use" in a sales flyer (the "Lease or Buy Flyer"); and (2) the ephemeral use of the descriptive phrase for less than two seconds in a 112-second video (the "Lease End Overview Video"). (*Id*. ¶56, Ex. 3; *see also* Declaration of Matthew Stewart (the "Stewart Decl.") ¶¶5-6, Exs. A, B).[2]

The Lease or Buy Flyer, which appears to be copyrighted by EFG, is used by sales staff at Defendants' automotive dealers to discuss options with customers who are deciding whether to lease or buy a vehicle. (*Id*. ¶56, Ex. 3 at 1-2). The Flyer lays out options when trading-in a vehicle and lists benefits of "Short term leasing," such as

---

[2] Plaintiffs attach only a screenshot of the Lease End Overview Video. To provide the Court with a complete understanding of Defendants' good faith use of the descriptive phrase, Chrysler Capital includes with this Motion the entire Video. (*See* Stewart Decl., Ex. A, B; *see also* Dkt. No. 33 (granting leave to file Video)). The Court may consider this evidence, without converting this Motion to one for summary judgment, because the Video is plainly central to Plaintiffs' claim and its authenticity is undisputed. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Even if Plaintiffs dispute the contents, and the First Amended Complaint is not dismissed on other grounds, the Court may convert this Motion to a motion for summary judgment. *See, e.g.*, *Miller v. King*, No. CV698-109, 2007 WL 2164534, at *2 (S.D. Ga. July 24, 2007) (motion to dismiss converted to motion for summary judgment).

"Lease payments may be lower than conventional financing" and "Lower maintenance costs." (*Id.*) The Flyer concludes "Bottom Line: Only Pay for What You Use." (*Id.*).

The 1 minute and 52 second Lease End Overview Video, which was removed from Chrysler Capital's website in early 2019, is directed to Chrysler Capital's customers whose vehicle lease term is about to end. (*See* Stewart Decl., ¶¶5-7, Ex. A). The Video provides "three options to consider" for the end of the lease term: (1) "lease a new vehicle with Chrysler Capital," (2) "purchase a new vehicle with Chrysler Capital," or (3) "purchase your current lease vehicle." (*Id.*) Thirty-five seconds into the Video, when discussing the benefits of leasing a new vehicle with Chrysler Capital, the narrator advises: "Remember by leasing, you're only paying for what you use." (*Id.*) As the narrator describes this benefit, a graphic appears with the words "Only Pay for What You Use." (*Id.*) The phrase appears for about two seconds—or less than 2% of the video. (*Id.*) In contrast, "Chrysler Capital" is mentioned in the video at least seven times and appears on screen for almost 30 seconds—taking up about 25% of the entire video. (*Id.*)

## **REMARKS**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim" that will "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; accord. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.").

4

Dismissal based on an affirmative defense is proper where the plaintiff's complaint does not include a cognizable legal theory. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2006) ("[T]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law."). A complaint may be dismissed "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Brown v. One Beacon Ins. Co.*, 317 Fed.Appx. 915, 916–17 (11th Cir. 2009) (per curiam) (citations omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

I.  **Defendants Used the Phrase "Only Pay for What You Use" in Good Faith to Describe its Services.**

Plaintiffs have failed to plead, and cannot plead, that Defendants' use of "Only Pay for What You Use" amounts to anything but non-trademark fair use of a descriptive phrase. The Lanham Act provides a defense to trademark infringement where the defendant uses a phrase "otherwise than as a mark" and "fairly and in good faith only to describe the goods and services of [the defendant]." 15 U.S.C. § 1115(b)(4). The use of an otherwise registered mark is protected by the fair use defense where the defendant's use is "(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). "The 'fair-use' defense, in essence, forbids a trademark registrant to appropriate a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods." *Id.* (citation omitted).

5

A defendant who raises the fair use defense does not have the burden to negate any likelihood that its use would confuse consumers. *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121–24 (2004) ("[T]he fair use defendant has no free-standing need to show confusion unlikely, it follows . . . that some possibility of consumer confusion must be compatible with fair use, and so it is."). "If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase." *Id*. at 122 (quoting *Cosmetically Sealed Indus., Inc. v. Chesebrough–Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997)).

The facts alleged in the First Amended Complaint, combined with viewing the entire Lease End Overview Video, establishes that Defendants used the "Only Pay for What You Use" phrase in good faith to describe the nature of their leasing services.

### A.     The First Amended Complaint Demonstrates that Defendants Never Used the Phrases as a Trademark.

A trademark is a word used to identify and distinguish one's services from those manufactured or sold by others and to indicate the source of the relevant offerings. 15 U.S.C. § 1127. Defendants' non-trademark use is "evidenced by the fact that the source of [its] product is clearly identified by the prominent display of [its] own trademarks." *Cosmetically Sealed*, 125 F.3d at 30. "When the use of the challenged words or phrase is accompanied by a defendant's own, conspicuously visible mark, this generally does not constitute trademark use." 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §11:46 (5th ed.). The mark CHRYSLER CAPITAL is prominently displayed or mentioned in almost 30% of the Lease End Overview Video, which is intended for Chrysler Capital customers whose lease terms are ending and was *only* available on Chrysler Capital's website. By contrast, the descriptive phrase "Only

6

Pay for What You Use" appears for less than two seconds—less than a mere 2% of the entire video.

Other factors relevant to whether a defendant used a phrase as a trademark are the style, lettering and context of the challenged use. *See, e.g.*, *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639-40 (7th Cir. 2001) (finding that though defendant used THE JOY OF SIX prominently, the context of the use was not to identify the source of defendant's services). Here, the challenged phrases are used in the context of the descriptive meaning of the phrase and not as a trademark to identify the source of Defendants' services. *See Texas Moving Co. v. NCT Moving Servs.*, No. 4:14-CV-2751, 2015 WL 12778799, at *5 (S.D. Tex. May 11, 2015) (finding defendant's use of descriptive phrase "Texas Moving Company" did not identify defendant as source of the relevant services). Moreover, both the Lease or Buy Flyer and the Lease End Overview Video feature other common descriptive phrases in the same manner as the challenged phrase, e.g., "Should You Lease or Buy?," "Short term leasing benefits," "Lower Payment," and "Shorter Terms." (*See* Dkt. No. 20, ¶56, Ex. 3 at 1-2; Stewart Decl., Ex. A).

**B.   Defendants Use the Phrases to Describe the Benefits of Leasing a Vehicle.**

Defendants used the phrases "Bottom Line: Only Pay for What You Use" and "Only Pay for What You Use" to describe the benefits of leasing a vehicle. "The fair use defense permits a defendant to use a term in its descriptive sense." *Se. Clinical Nutrition Ctr., Inc. v. Mayo Found. for Med. Educ. & Research*, 135 F.Supp.3d 1267, 1277 (S.D. Ga. 2013) (citation and quotation omitted). "Use of a descriptive term in textual . . . instructions . . . is ordinarily a fair use." *Cosmetically Sealed*, 125 F.3d at 30 (quoting Restatement (Third) of Unfair Competition § 28 cmt. c (1995)). "By choosing a descriptive term, the trademark owner must live with the result that everyone else in the marketplace remains free to use the term in its original 'primary' or

7

descriptive sense." McCarthy, § 11:45. "[T]here [is] no indication that the [Lanham Act] was meant to deprive commercial speakers of the ordinary utility of descriptive words." *KP Permanent Make-Up*, 543 U.S. at 122.

A defendant who uses a phrase to describe the benefits of a product or service or to instruct consumers how to use a service generally uses the phrase in a descriptive sense. For example, in *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055 (7th Cir. 1995), the trademark owner of "Swee TARTS" sued a company for claiming that its cranberry juice had a "sweet-tart" flavor. The court affirmed a denial of preliminary injunction, holding that the cranberry company's use of the term "sweet-tart" was a permissible descriptive use. *Sunmark*, 64 F.3d at 1058 ("That Swee TARTS is an incontestable mark for sugar candy does not make Sunmark the gatekeeper of these words for the whole food industry.").

Similarly, in *Cosmetically Sealed*, the owner of the trademark SEALED WITH A KISS, a mark used to identify the origin of the plaintiff's lip gloss, sued defendant for using the phrase "Seal it with a kiss!" in a lipstick promotion. *Cosmetically Sealed*, 125 F.3d at 29-30. The defendant advertised its product with an in-store display which "invited consumers to . . . place a lipstick imprint of her lips on [the postcard], and mail it. . . Next to the cards were the words, in slightly larger script type, 'Seal it with a Kiss!!'" *Id*. at 29. Although the two phrases were very similar, and in fact possibly confusing, the court held that defendant's use was descriptive. *Id*. at 30. In particular, the court found that the phrase was used "to describe an action that the sellers hope consumers will take, using their product." *Id*. Here, Defendants have used the challenged phrases to describe the benefits of leasing a vehicle and to educate its customers as to options for navigating the end of a lease term. Such use is not infringing as a matter of law.

      **C.     Defendants Have Used the Descriptive Phrase in Good Faith.**

The standard of "good faith" for a fair use defense is whether the alleged infringer intended to trade on "the good will of the trademark owner by creating confusion as to the source of the goods or services." *Int'l Stamp*, 456 F.3d at 1274–75. To assess a defendant's good faith, the court looks into the defendant's "subjective purpose in using the slogan." *Id*., 456 F.3d at 1275 (citing *Packman*, 267 F.3d at 642). Clearly identifying the actual source of a product—with prominent displays of the defendants' own trademarks or with labeling different from the plaintiff, for example—suggests that the defendant used an allegedly infringing phrase in good faith. *See id*., 456 F.3d at 1275 (finding good faith where the defendant prominently placed its trademarks on the back of a design); *Se. Clinical Nutrition*, 135 F.Supp.3d at 1279 (finding prominent display of its own marks demonstrates "a lack of intent to capitalize on the good will of Plaintiff's alleged trademarks"); *Cosmetically Sealed*, 125 F.3d at 30 ("The non-trademark use of the challenged phrase and the defendants' good faith are both evidenced by the fact that the source of the defendants' product is clearly identified by the prominent display of the defendants' own trademarks.").

Here, Defendants' use of the phrases employs different fonts and stylization. Defendants also prominently display the CHRYSLER CAPITAL trademark—further demonstrating Defendants' good faith. Plaintiffs' simply allege no facts that suggest Defendants acted willfully or otherwise conspired to confuse consumers. *See Hensley Mfg.*, 579 F.3d at 613 (holding that "mere speculation" that a phrase is not being used in good faith "is insufficient; it was [plaintiff's] burden to allege those facts, if they indeed exist, in the first instance.").

The entire First Amended Complaint should therefore be dismissed because Defendants' use of the phrases "Bottom Line: Only Pay for What You Use" and "Only Pay for What

You Use" in good faith is fair use and Plaintiffs have not alleged a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint fails to state a claim against Chrysler Capital. Chrysler Capital respectfully asks that the Court dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiffs' claims are based on Defendants' fair use of the descriptive phrases, the First Amended Complaint contains flaws that cannot be remedied through re-pleading. Chrysler Capital therefore asks that Plaintiffs' claims be dismissed with prejudice.

Date: August 30, 2019

**LOCKE LORD LLP**

By: */s/ Daniel J. Fiorello*
Daniel J. Fiorello (FL Bar No. 91418)
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561.671.6904
daniel.fiorello@lockelord.com

Rory J. Radding (*pro hac vice*)
H. Straat Tenney (*pro hac vice*)
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
T: 212.912.2858
rory.radding@lockelord.com
straat.tenney@lockelord.com

*Attorneys for Santander Consumer USA Inc., d/b/a Chrysler Consumer.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I filed the foregoing document via the Court's CM/ECF system which will automatically send electronic notice of such filing to all counsel of record registered with the Court's CM/ECF system, namely:

| | |
|---|---|
| Aiman Saleem Farooq<br>Morgan & Morgan, P.A.<br>8151 Peters Road<br>4th Floor<br>Plantation, FL 33324<br>(954) 327-3041<br>Fax: (954) 327-3024<br>Email: afarooq@forthepeople.com | Laura Ganoza<br>Foley & Lardner LLP<br>Suite 1900 One Biscayne Tower<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>305-482-8400<br>Fax: 305-482-8600<br>Email: lganoza@foley.com |
| David Fisher Tamaroff<br>Morgan & Morgan, P.A.<br>Business Trial Group<br>703 Waterford Way, Suite 1050<br>Miami, FL 33126<br>(305) 929-1922<br>Fax: (305) 929-1941<br>Email: dtamaroff@forthepeople.com | Angelica Leigh Novick<br>Foley & Lardner LLP<br>One Biscayne Tower<br>2 South Biscayne Boulevard<br>Suite 1900<br>Miami, FL 33131<br>(305) 484-8432<br>Email: aboutwell@foley.com |

*/s/ Daniel Fiorello*
Daniel Fiorello