UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19-61069-CV-WPD-DIMITROULEAS/SNOW

MARK W. LILLY and SIMPLIFY BIZ, INC.,

      Plaintiffs,

vs.

SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL and
ENTEPRISE FINANCIAL GROUP, INC.
d/b/a EFG COMPANIES,

      Defendants.
_____/

## ENTERPRISE FINANCIAL GROUP, INC.'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Enterprise Financial Group, Inc. (hereafter, "EFG"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss the Amended Complaint of the Plaintiffs, Mark W. Lilly and Simplify Biz, Inc. (hereafter, the "Plaintiffs"), with prejudice, for failure to state a claim as a matter of law. In support of this motion, EFG states as follows:

### INTRODUCTION

Plaintiffs' entire claim against Defendant EFG is based on an EFG copyright notice appearing on the reverse side of a sales aid used by co-Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"). Plaintiffs do not (and cannot) allege a single trademark use of their purported trademark ONLY PAY FOR WHAT YOU USE by EFG. Instead, Plaintiffs attempt to cobble together a trademark infringement claim based on the fair, good faith and descriptive use of a commonly used phrase. This is not trademark infringement,

as a matter of law.  For all the reasons set forth in the Motion to Dismiss filed by Chrysler Capital [Dkt. No. 34], hereby incorporated and adopted by reference, and as further detailed herein, Plaintiffs' Amended Complaint should be dismissed, with prejudice.

## STATEMENT OF ALLEGED FACTS

1. Plaintiff Lilly claims to be the owner of the mark ONLY PAY FOR WHAT YOU USE, registered for use with "business marketing services in connection with selling and leasing motor vehicles." (Dkt. No. 20, Am. Compl. at ¶¶ 1 and 25).

2. Without providing any details or examples of use, the Amended Complaint alleges that this trademark is used, through some mysterious combination of Plaintiff Lilly and his related companies, Simplify Biz, Inc., a co-plaintiff, and Maxwell Marketing, Inc., a third party, to sell or license business marketing and consulting services and materials in connection with selling and leasing motor vehicles to automotive dealerships. (*Id.* at ¶¶ 29-37).

3. Chrysler Capital is alleged to be a "specialized consumer finance company focused on vehicle finance and third-party servicing," which offers a full spectrum of motor vehicle financing products and services under the "Chrysler Capital" brand. (*Id.* at ¶¶ 40-42).

4. Plaintiffs allege that EFG is a competitor that "offers and provides consulting services to automotive lenders and dealerships in connection with developing and training employees about vehicle finance (e.g. leasing) and insurance programs." (*Id.* at ¶¶ 43-46).

5. Plaintiffs allege generally that EFG provided marketing and/or consulting services to Chrysler Capital for its auto leasing program "including: (a) associated customer-targeted promotional materials … and/or (b) training instruction and/or materials." (*Id.* at ¶ 47).

4850-1775-7603

6. Without differentiating between EFG or Chrysler Capital, Plaintiffs allege that "Defendants utilized and/or incorporated" the mark in connection with Chrysler Capital's auto leasing program. (*Id.* at ¶ 55).

7. The allegedly infringing conduct is based on two purported uses of the phrase ONLY PAY FOR WHAT YOU USE: on a lease sales aid used by Chrysler Capital and a video posted on Chrysler Capital's website. (*Id.* at ¶ 56); *see also* Exhibit 3 to the Amended Complaint. The only connection between these materials and EFG appears to be the EFG copyright notice appearing on one side of the lease sales aid, not even on the side of the page where the purported mark appears. As for the video, Plaintiffs do not allege (nor could they allege) that EFG prepared or produced the video.

8. Plaintiffs do not allege any use of the mark on EFG's website or on any of EFG's own promotional materials. Instead, Plaintiffs spend the majority of the pleading improperly grouping Defendants together and making conclusory statements about "Defendants' wrongful use" of the mark. (Am. Compl. at ¶¶ 62-65).

9. Plaintiffs allege that they sent a demand letter and had communications with Chrysler Capital about the allegedly infringing use of the mark prior to filing the lawsuit. (*Id.* at ¶¶ 66-68). Plaintiffs, however, do not allege any pre-suit contact with EFG.

10. Plaintiffs originally filed suit only against Chrysler Capital. (Dkt. No. 1). Then, months later in July of 2019, and without any prior notice, Plaintiffs added EFG to this lawsuit.

## ARGUMENT

### I. RULE 12(B)(6) STANDARD FOR DISMISSAL BASED ON FAILURE TO STATE A CLAIM

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).[1] Although this pleading standard does not require overly detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555). A complaint cannot rest on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *Twombly,* 550 U.S. at 555, and alleging "[t]he mere ***possibility*** the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal,* 556 U.S. at 678) (emphasis added). In other words, merely pleading legal conclusions without specific factual support will not cut it, and a complaint that does no more than couch legal conclusions as factual allegations is doomed to fail, because legal conclusions "are not entitled to assumption of truth." *Iqbal*, 556 U.S. at 679 ("While legal conclusions provide the framework for a complaint, they must be supported by factual allegations."); *see also id*. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Twombly*, 550 U.S. at 555 (the court need not "accept as true a legal conclusion couched as a factual allegation");

---

[1] In *Twombly*, the Supreme Court rejected the oft-quoted proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563 (holding that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard," and that the phrase "has earned its retirement"). *See also Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289-90 (11th Cir. 2010) (recognizing that *Twombly* identified a new "plausibility standard").

*Sinaltrainal,* 578 F.3d at 1260 ("'unwarranted deductions of fact' in a complaint are not admitted as true for purpose of testing the sufficiency of plaintiff's allegations").

Practically, following *Twombly* and *Iqbal*, federal courts considering motions to dismiss should apply a "two-pronged approach:" 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), *citing Iqbal*, 129 S. Ct. at 1950.  In doing so, courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the claimant would ask the court to infer. *Id*. (*citing Iqbal*, 129 S. Ct. at 1951-52 and *Twombly*, 550 U.S. at 567).  "In making this assessment of plausibility on a case specific basis, the Court also uses its own judicial experience and common sense." *Se. Clinical Nutrition Ctrs. v. Mayo Found.*, 135 F. Supp. 3d 1267, 1270 (N.D. Ga. 2013) (granting motion to dismiss trademark infringement claims with prejudice).

With these standards in mind, Plaintiffs' Amended Complaint, which is chock-full of conclusory statements, and utterly lacking in factual support, must be dismissed, with prejudice.

## II.  DEFENDANTS' USE OF THE PHRASE "ONLY PAY FOR WHAT YOU USE" IS NOT ACTIONABLE TRADEMARK USE.

As articulated in Chrysler Capital's Motion to Dismiss [Dkt. No. 34], there is no legal basis for Plaintiffs' trademark infringement claims because there is no trademark use of the phrase ONLY PAY FOR WHAT YOU USE by Defendants.  EFG hereby incorporates by reference the arguments made by Chrysler Capital in its Motion to Dismiss. [Dkt. No. 34]  Since Plaintiffs group both Defendants together throughout the Amended Complaint, those arguments apply with equal force to EFG.  In fact, the claims against EFG are even more unsubstantiated

5

because Plaintiffs do not cite a single use of the trademark by EFG in connection with the sale of EFG's own goods or services.

Even assuming, for purposes of this motion only, that the phrase ONLY PAY FOR WHAT YOU USE is entitled to trademark protection, Plaintiffs have not alleged that Defendant EFG used such terms for trademark purposes, *i.e.,* as an indicator of the *source* or *quality* of EFG's own business marketing and consulting services. Plaintiffs point to a lease sales aid that uses the term "Only Pay for What You Use" in a descriptive manner as it relates to lease services provided by Chrysler Capital and in a video clip from Chrysler Capital's website. *See* Amended Complaint, Dkt. No. 20, at ¶ 56 and Exhibit 3 to the Amended Complaint. Plaintiffs, however, do not allege (and cannot allege) that EFG uses the mark to sell its marketing and consulting services. Plaintiffs do not cite any use of the phrase by EFG to promote its service on EFG's website or on any promotional materials used by EFG to sell its goods and services. Instead, the entire claim against EFG is based on a fleeting statement that describes the goods or services of co-defendant Chrysler Capital. The Lanham Act, however, "forbids a trademark registrant to appropriate a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods." *Se. Clinical Nutrition Ctrs.* 135 F. Supp. at 1276 (quoting *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006), and *Soweco, Inc. v. Shell Oil Co.,* 617 F.2d 1178, 1185 (5th Cir. 1980)); *see also* 15 U.S.C. § 1115(b)(4). Because a descriptive use of the words protected by a trademark is permissible and not actionable, Plaintiffs' Amended Complaint should be dismissed pursuant to Federal Civil Procedure Rule 12(b)(6).

## CONCLUSION

Plaintiffs should not be permitted to stifle legitimate use of the commonly used phrase "Only Pay For What You Use." Plaintiffs have not alleged, and, more importantly, cannot ever allege, that Defendants are using this phrase in anything other than a non-trademark, good faith, descriptive manner. There is simply no way for Plaintiffs to plead themselves around this reality. Therefore, Plaintiffs' Amended Complaint should be dismissed in its entirety, with prejudice.

**WHEREFORE**, Defendant EFG respectfully requests that this Court dismiss Plaintiffs' Amended Complaint, with prejudice, and enter such further relief as this Court deems proper.

Respectfully submitted,

*/s/Laura Ganoza*
Laura Ganoza
Florida Bar No. 118532
lganoza@foley.com
Angelica L. Novick
Florida Bar No. 105069
anovick@foley.com
FOLEY & LARDNER LLP
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131-1832
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel listed on the attached Service List.

*/s/Laura Ganoza*
Laura Ganoza

7

4850-1775-7603

SERVICE LIST
Lilly, et al. v. Santander Consumer USA Inc., et al.
Case No. 0:19-cv-WPD-Dimitrouleas/Snow

**Attorneys for Plaintiffs:**
David Tamaroff
dtamaroff@forthepeople.com
Morgan & Morgan P.A.
703 Waterford Way, Suite 1050
Miami, FL 33126
Tel: (305) 929-1922
Fax: (305) 929-1941
Aiman Farooq
afarooq@forthepeople.com
Morgan & Morgan P.A.
600 North Pine Island Road, Suite 400
Plantation, FL 33324
Tel: (954) 318-0268
Fax: (954) 327-3024

**Attorneys for Defendant, Santander Consumer USA Inc.**
Daniel J. Fiorello
Locke Lord LLP
777 South Flagler Drive
Suite 215, East Tower
West Palm Beach, FL 33401
Tel: (561) 671-6904
daniel.fiorello@lockelord.com

Rory J. Radding
H. Straat Tenney
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: (212) 912-2858
rory.radding@lockelord.com
straat.tenney@lockelord.com

4850-1775-7603