UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61069-CIV-DIMITROULEAS

MARK W. LILLY, and
SIMPLIFY BIZ, INC.,

       Plaintiffs,

vs.

SANTANDER CONSUMER USA INC.,
d/b/a CHRYSLER CAPITAL and
ENTERPRISE FINANCIAL GROUP, INC.
d/b/a EFG COMPANIES,

       Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS.

THIS MATTER comes before the Court on Defendant Santander Consumer USA Inc.'s

Motion to Dismiss the First Amended Complaint [DE 34] and Defendant Enterprise Financial

Group, Inc.'s Motion to Dismiss Amended Complaint [DE 36]. The Court has carefully

considered the Motions [DE 34, 36], Responses [DE 39, 40], Replies [DE 41, 42], arguments by

counsel at the January 31, 2020 hearing, and is otherwise fully advised in the premises.

### I.    BACKGROUND

This action arises from Defendants' alleged unauthorized use of Plaintiffs' registered

mark, "only pay for what you use" ("Registered Mark"), in connection with "training and

promotional materials, training and promotional instruction, and/or other consulting services in

connection with motor vehicle leasing businesses, programs, and sales." *See* Am. Compl. ("AC")

¶¶ 1, 3. Plaintiffs provide marketing and consulting services in the automotive sales and leasing

industry. AC ¶ 24. According to Plaintiffs' Amended Complaint, Defendant Santander

Consumer USA, Inc. ("Santander") provides motor vehicle financing products and services to customers of Fiat Chrysler Automobiles US LLC ("Fiat Chrysler"). AC ¶ 42. Defendant Enterprise Financial Group, Inc. ("EFG") provides consulting services to automotive lenders and dealers for "developing and training employees about vehicle finance … and insurance programs." AC ¶ 43. According to Plaintiffs, EFG is a direct competitor of Plaintiffs' and Santander is at least a *de facto* competitor with regard to providing automotive dealers with training and materials related to developing auto leasing programs. AC ¶¶ 46, 50.

Plaintiff Mark Lilly ("Lilly") owns the Registered Mark "only pay for what you use." AC ¶ 28. Plaintiffs offer, advertise, and license their business marking and consulting services and materials under the Registered Mark to automotive dealerships including Fiat Chrysler. AC ¶ 37. Plaintiffs allege that because their efforts the Register Mark "has come to signify the high quality of their business marketing and consulting services and materials." AC ¶ 39.

On January 16, 2019, Plaintiff Lilly first became aware of Santander's unauthorized use of the Registered Mark while meeting with a representative of Santander to discuss licensing Plaintiffs' services and materials. AC ¶¶ 51, 52. At this meeting Plaintiff Lilly notified Santander's representative of its exclusive rights to the Registered Mark. AC ¶ 52.

Plaintiffs allege generally that Defendants utilized or incorporated the Registered Marking into marketing and consulting products provided to Fiat Chrysler. The Amended Complaint alleges two specific instances of Defendants' unauthorized use of the Registered Mark. First, Plaintiffs alleges that Defendants used the Registered Mark in a video posted to Santander's website, and second, Plaintiff alleges that Defendants used the Registered Mark in a "lease sales aid" provided to Fiat Chrysler dealerships. AC ¶ 52; [DE 20-3]. Plaintiff does not distinguish between Defendants Santander and EFG when alleging such unauthorized use. *Id.*

Plaintiff's Amended Complaint brings claims for federal service mark infringement under 15 U.S.C. § 1114 and federal unfair competition and false designation of origin under 15 US.C. § 1125 against both Santander and EFG.

## II.  MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Further, a motion to dismiss made under Rule 12(b)(6) may be granted based on the presence of a valid affirmative defense "when [the complaint's] allegations--on their face--show that an affirmative defense bars recovery on the claim." *See Koger v. Florida*, 130 F. App'x 327, 332 (11th Cir. 2005) (affirming the district court's dismissal of a complaint based on a finding of

qualified immunity) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001)); *Foster v. Maloney*, 785 F. App'x 810, 814 (11th Cir. 2019) (affirming the district court's dismissal of a complaint based on a finding of qualified immunity) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). *See also In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1467 (9th Cir.1993) (affirming the district court's grant of a motion to dismiss a trademark infringement claim because defendant's use was fair use as a matter of law); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (affirming the grant of a motion to dismiss based on defendant's fair use affirmative defense, stating "the facts [Plaintiff] alleged in its complaint, as well as the attached exhibits, demonstrated that there was no likelihood of confusion and that the fair use defense conclusively applied as a matter of law"); *Setai Hotel Acquisitions, LLC v. Luxury Rentals Miami Beach, Inc.*, No. 16-21289-CIV-MORE, 2016 U.S. Dist. LEXIS 171396, at *8 (S.D. Fla. Dec. 9, 2016) (holding that "[w]here the pleadings fail to allege use of a mark beyond the fair use,… the plaintiff fails to state a claim for which relief can be granted and dismissal without prejudice is appropriate."); *3Lions Publ'g, Inc. v. Interactive Media Corp.*, 389 F. Supp. 3d 1031, 1042 (M.D. Fla. 2019) (noting that "[t]he Court only considers a fair use affirmative defense when analyzing a 12(b)(6) motion if the facts necessary to make the determination are evident on the face of the complaint." (internal citations omitted)) *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1113 (S.D. Cal. 2017) (finding that an analysis of a fair use defense at the motion to dismiss stage is valid). *But see Regent Grand Mgmt. v. Tr. Hosp. LLC*, No. 18-21445-Civ, 2018 U.S. Dist. LEXIS 212049, at *10 (S.D. Fla. Dec. 14, 2018); *Tovey v. Nike, Inc.*, No. 1:12-cv-0448, 2012 U.S. Dist. LEXIS 185715, at *20-21 (N.D. Ohio July 3, 2012) ("The Sixth Circuit merely requires plaintiffs pleading infringement to plead sufficient facts to make plausible that the plaintiff owns the

trademark, defendant used it in commerce, and the use was likely to cause confusion. The time to address a defense of "fair use" is in a motion for summary judgment or at trial, not in a motion to dismiss.")

## III.   <u>DISCUSSION</u>

Both Defendants move to dismiss the Amended Complaint on grounds that their use of the phrase "only pay for what you use" is good-faith, fair use of the phrase as a descriptive phrase rather than a mark. In addition, Defendant EFG contends that Plaintiffs fail to state a claim against EFG as a matter of law.

### A.   *Applicable Law*

A trademark is "any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods ... from those manufactured or sold by others and to indicate the source of the goods." *Gift of Learning Found., Inc. v. TGC, Inc*., 329 F.3d 792, 797 (11th Cir. 2003) (quoting 15 U.S.C. § 1127). "[B]y preventing competitors from copying a source-identifying mark, [trademark law] reduces the customer's costs of shopping and making purchasing decisions and helps assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003).

To prevail on a claim for trademark infringement under 15 U.S.C. § 1114, plaintiffs must establish that: (1) they possess a valid mark, (2) the defendant used the mark, (3) the defendant's use of the mark occurred "in commerce," (4) the defendant used the mark "in connection with the sale ... or advertising of any goods," and (5) the defendant used the mark in a manner likely to confuse consumers. *3Lions Publishing, Inc. v. Interactive Media Corp*., 389 F. Supp. 3d 1031, 1040 (M.D. Fla. 2019) (citing *N. Am. Med. Corp. v. Axiom Worldwide, Inc*., 522 F.3d 1211, 1218

(11th Cir. 2008); *Phoenix Entm't Partners, LLC v. Casey Rd. Food & Beverage*, 728 F. App'x 910, 912 (11th Cir. 2018) (noting that to plead a valid claim for service mark infringement, a plaintiff must allege that the defendant used the mark in the "sale, distribution, or advertising" of his services and that his "use is likely to cause confusion.") (citing 15 U.S.C. § 114(1)(a)).

To state a claim for false designation of origin under 15 U.S.C. § 1125, plaintiffs must plead (1) that they had enforceable trademark rights in the mark or name, and (2) that the defendant's use was likely to cause confusion about an affiliation, connection, or association between defendant's and plaintiff's products or as to the origin of the products. *See* 15 U.S.C. § 1125; *Phoenix*, 728 F. App'x at 912; *Tracfone Wireless, Inc. v. Simply Wireless, Inc*., 229 F. Supp. 3d 1284, 1299 (S.D. Fla. 2017) (citing *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc*., 508 F.3d 641, 647–48 (11th Cir. 2007)).

A key analysis in both claims is whether the allegedly infringing use is likely to cause confusion. *Phoenix*, 728 F. App'x at 912. "Unlike the general prohibition against unauthorized copying that exists in patent and copyright law the touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a protected mark, but whether such use is likely to cause consumer confusion." *Custom Mfg.*, 508 F.3d at 647. "[A] plaintiff claiming infringement of an incontestable mark must show likelihood of consumer confusion as part of the prima facie case." *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 112 (2004). When determining whether the use of a mark is likely to cause confusion, courts consider the following: (1) whether the mark can be classified as generic, descriptive, suggestive, or arbitrary; (2) the similarity of the marks; (3) the similarity of the goods; (4) where, how, and to whom the parties' products are sold; (5) the similarity of

advertising media; (6) the defendant's intent; and (7) any evidence of actual confusion. *See Custom Mfg.*, 508 F.3d at 648.

Defendants charged with infringement of a trademark may respond by asserting the affirmative defense of descriptive fair use. To prevail on an affirmative defense of descriptive fair use a defendant must demonstrate that its use of the mark was 1) other than as a mark 2) descriptive in nature and 3) done in good faith. *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). A clear purpose of the descriptive fair use defense is to prevent a trademark registrant from appropriating a descriptive term or phrase for its exclusive use and depriving another commercial speaker "of the ordinary utility of descriptive words." *KP Permanent*, 543 U.S. at 122.

### B.  *Santander's MTD*

In its Motion to Dismiss, Defendant Santander raises the affirmative defense of descriptive fair use. Defendant argues that descriptive fair use is clear from Plaintiffs' complaint, and as such, the affirmative defense is a valid ground for dismissal.

Under the descriptive fair use defense, Santander's use of the mark would be protected if the use was "(1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006).

Santander argues that its use of the mark was clearly descriptive. According to Defendant Santander, its use of the Registered Mark in both sales aids specifically referred to in the Amended Complaint was intended to describe the benefits of leasing. The Court agrees that Santander's use of the phrase is clearly descriptive and intended to convey that one of the benefits of leasing is that customers pay for the leased term and no more. For instance, the flyer Plaintiffs cite in their Amended Complaint poses the question "Should You Lease or Buy?" at

the top of the page and summarizes the content of the flyer at the bottom of the page with the Registered Mark, "Bottom Line: Only Pay for What You Use."

In addition, Santander highlights a number of facts which would demonstrate its use of the Registered Mark was not as a mark and was in good faith. In evaluating whether a mark was used as a trademark, courts have considered whether the mark was displayed in connection with or near a defendant's own prominently displayed trademarks. *Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co*., 125 F.3d 28, 30 (2d Cir. 1997). With regard to the video, Santander argues that its own trademarks were also in the video, the video was on Chrysler Capital's website, and was targeted at current lease customers. Further, Defendant notes that Plaintiffs allege no facts that plausibly suggest Santander acted willfully and or traded on Plaintiff's goodwill attached to the mark. In response, Plaintiff emphasizes that when evaluating the fair sue defense at this stage, "unless the facts necessary to make the determination are evident on the face of the complaint, it is inappropriate to adjudicate the merits of a fair use complaint when analyzing a motion to dismiss." *See* [DE 40] p. 3; [DE 39] p. 5 (citing *Land's End at Sunset Beach Cmty. Ass'n, Inc. v. Land's End Acquisition Corp*., No. 8:16-CV-828-T-17JSS, 2016 WL 9526680, at *8 (M.D. Fla. Nov. 7, 2016)).

The Court agrees with Defendant Santander that there are many factual considerations which evidence that it has a strong defense of fair use. In addition, the Court acknowledges that a fair use defense, that is clear from the face of the complaint, can serve as grounds for dismissal. *3Lions Publishing, Inc. v. Interactive Media Corp*., 389 F. Supp. 3d 1031, 1040 (M.D. Fla. 2019). The Court seriously questions whether Plaintiff will be able to marshal facts to dispute Santander's defense of fair use; however, the Court finds that the fair use affirmative defense is not so clear on the face of the Amended Complaint alone as to warrant dismissal at this juncture.

**C.  *EFG's Motion to Dismiss***

Defendant EFG argues that Plaintiffs have failed to state a claim for trademark infringement

because they have failed to allege facts that show Defendant EFG used the phrase in connection

with the sale or marketing of its own marketing or consulting services. Defendant EFG also

incorporates by reference the arguments in favor of dismissal under the fair use defense made by

Santander in its Motion to Dismiss.

        i.    <u>Trademark Infringement Claim</u>

To prevail on a claim of trademark infringement under 15 U.S.C. § 1114, Plaintiffs must

establish: (1) that they possess a valid mark, (2) that the defendants used the mark, (3) that the

defendants' use of the mark occurred "in commerce," (4) that the defendants used the mark "in

connection with the sale ... or advertising of any goods," and (5) that the defendants used the

mark in a manner likely to confuse consumers. *See 3Lions Publishing, Inc. v. Interactive Media

Corp*., 389 F. Supp. 3d 1031, 1040 (M.D. Fla. 2019) (citing *N. Am. Med. Corp. v. Axiom

Worldwide, Inc*., 522 F.3d 1211, 1218 (11th Cir. 2008); *Phoenix Entm't Partners, LLC v. Casey

Rd. Food & Beverageui,* 728 F. App'x 910, 912 (11th Cir. 2018) (noting that to plead a valid

claim for service mark infringement, a plaintiff must allege that the defendant used the mark in

the "sale, distribution, or advertising" of his services and that his "use is likely to cause

confusion.") (citing 15 U.S.C. § 114(1)(a)).

Here, Defendant has failed to allege that EFG used the mark in connection with the sale,

distribution, or advertising of any of EFG's services, which Plaintiff alleges are marketing and

consulting services. The use of the Registered Mark in both examples provided by Plaintiff is

aimed at lease customers and clearly in connection with the sale or advertising of automotive

leases, which Defendant EFG is not alleged to have sold. Plaintiff calls the flyer containing the

alleged unauthorized use a "lease sales aid", the flyer is titled "Should You Buy or Lease?", lays out a lease customer's options at trade-in and the benefits of short-term leasing, and then states, "Bottom Line: Only Pay For What You Use." *See* [DE 20-3]. The screen-grab of the web page Plaintiff attaches to the complaint describes "end of lease options" and encourages viewers to "research your options" available at the end of a lease. *See* [DE 20-3]. Ultimately, Plaintiff has failed to allege facts sufficient to support the claim that Defendant EFG has used the mark "in commerce" in connection with the sale or advertisement of its own goods.

      ii.   <u>False Designation of Origin Claim</u>

A false designation of origin claim is meant to proscribe the behavior of "'passing off' or 'palming off,' which 'occurs when a producer misrepresents his own goods or services as someone else's.'" *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 28 n. 1 (2003)). To state a claim for false designation of origin under 15 U.S.C. § 1125, Plaintiffs must plead (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant's use was likely to cause confusion about an affiliation, connection, or association between Defendant's and Plaintiff's products or as to the origin of the sales aids. *See* 15 U.S.C. § 1125; *Phoenix*, 728 F. App'x at 912.

Plaintiff makes a single allegation containing two instances where "Defendants" used the Registered Mark, one in a "lease sales aid" and another in a video aimed at customers of automobile leases. Plaintiff only makes conclusory allegations that Defendant EFG has used the Registered Mark in way that would cause consumer confusion as to the origin of goods being sold under the Registered Mark. Such allegations do not "state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Based on the

allegations in the complaint, Plaintiffs sell marketing materials where EFG used the mark in a flyer selling car leases. There are no allegations that EFG used the mark in connection with the sale or advertisement of its own marketing materials. The goods sold under the mark, therefore, are not similar; the goods are not sold to the same customers or in the same trade channels; and the target audiences of the goods being sold under the mark are not the same. *See Custom Mfg.*, 508 F.3d at 648 (discussing factors courts should use in evaluating the likelihood of confusion). Furthermore, Plaintiffs' allegation that "upon information and belief" the Defendants use of the mark has caused actual confusion as to the origin of Defendants' products among the "relevant consuming public" does not raise the likelihood of consumer confusion to a plausible level.

For these reasons Plaintiffs fail to state a claim against EFG under 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

## IV.   <u>CONCLUSION</u>

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant Santander's Motion to Dismiss [DE 34] is **DENIED;**

2.   Defendant EFG's Motion to Dismiss [DE 36] is **GRANTED;**

3.   Plaintiffs' Amended Complaint as to Enterprise Financial Group, Inc. is **DISMISSED**.

4.   Plaintiff is granted leave to file a Second Amended Complaint with regard to its claims against Defendant EFG on or before **February 26, 2020** or file a notice stating that they are proceeding only as to the claims against Defendant Santander. Defendants shall then have fourteen (14) days to respond to the operative complaint.

      **DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this

11th day of February, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All counsel of record