IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:19-cv-61069-WPD-Dimitrouleas/Snow

MARK W. LILLY and SIMPLIFY BIZ INC.,

   Plaintiffs,

v.

SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL and ENTERPRISE
FINANCIAL GROUP, INC. d/b/a EFG
COMPANIES,

   Defendants.
_____/

**DEFENDANT SANTANDER CONSUMER USA INC. D/B/A CHRYSLER CAPITAL'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

  Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), by and through its undersigned counsel, moves to dismiss the Second Amended Complaint under Rule 12(b)(6) for failure to state a cause of action upon which relief may be granted.

## INTRODUCTION

  On their third try to state a plausible claim for relief, Plaintiffs once more rely on conclusory allegations to support their attempt to create an impermissible monopoly on the common descriptive phrase "Only Pay for What You Use" when describing the benefits of leasing a vehicle—services which are not covered by the asserted registration. Moreover, the Second Amended Complaint must be dismissed because the

1

conclusory allegations do not state a claim to relief that is plausible on its face and Plaintiffs fail to establish that they themselves are using the asserted mark in connection with the services covered by the registration. Therefore, the Court should dismiss the Second Amended Complaint with prejudice.

## FACTUAL ALLEGATIONS

Plaintiffs' original Complaint failed to state facts concerning how and in what context Chrysler Capital allegedly used the descriptive phrase "Only Pay for What You Use." (Dkt. No. 1). Attempting to correct this omission, Plaintiffs filed the First Amended Complaint, specifying two instances of allegedly infringing conduct (on a sales flyer and in a video) and adding a new defendant Enterprise Financial Group, Inc. ("EFG"). (First Am. Compl., Dkt. No. 20). Defendants moved to dismiss the First Amended Complaint on the ground that: (1) the allegations failed to state a claim to relief that is plausible on its face; and (2) Defendants' alleged use of the descriptive phrase was non-trademark fair use. (*See* DE 34, 36).

The Court granted Defendants' motion in part. (Omnibus Order on Motions to Dismiss ("Order"), DE 48). Although the Court denied Defendants' motion on fair use grounds, it agreed that Chrysler Capital's "use of the phrase is clearly descriptive and intended to convey that one of the benefits of leasing is that customers pay for the leased term and no more." (*Id*. at 7). The Court further noted that Defendants' use of the descriptive phrase "Only Pay for What You Use" in both alleged instances "is aimed at lease customers and clearly in connection with the sale or advertising of automotive leases." (*Id*. at 9). The Court also cited multiple instances where Plaintiffs' allegations

against both Defendants failed to state a claim for relief that is plausible on its face. (*Id*. at 9-12).

For example, the Court criticized Plaintiffs' "conclusory allegations" that the uses of the descriptive phrase in the allegedly infringing flyer and video "would cause consumer confusion as to the origin of the goods being sold under the Registered Mark." (*Id*. at 10). The Court further found "Plaintiffs' allegation that 'upon information and belief' the Defendants' use of the mark has caused actual confusion as to the origin of Defendants' products among the 'relevant consuming public' does not raise the likelihood of confusion to a plausible level." (*Id*.). The Court then gave Plaintiffs leave to file another amended complaint. (*Id*.).

Plaintiffs' Second Amended Complaint is nearly identical to the prior complaint. (Second Am. Compl. ("SAC"), Dkt. 51). Plaintiffs continue to say that they are in the "marketing and consulting business" and concede its field is different from Chrysler Capital's financial services business. (*Id*. ¶¶24, 41). Plaintiff Mark W. Lilly claims to own U.S. Registration No. 2,097,167 ONLY PAY FOR WHAT YOU USE for "business marketing consulting services in connection with selling and leasing motor vehicles" (the "Registration"). (*Id*. ¶1). Defendant EFG, as before, is alleged to offer a variety of "motor-vehicle related products and services to automotive dealers, agents, and financial institutions." (*Id*. ¶43). Plaintiffs provide no separate specific factual allegations identifying the allegedly infringing conduct of Chrysler Capital and EFG. (*See id*. ¶¶55-65). Plaintiffs once more rely on the same two instances of Defendants' allegedly infringing conduct—(1) the use of the phrase "Bottom Line: Only Pay For What You

Use" in a lease sales aid flyer; and (2) the use of the descriptive phrase in a video used in connection with Chrysler Capital's "motor vehicle leasing business." (*Id*. ¶56, Ex. 3).

The new matters in the Second Amended Complaint are grouped as "Additional Allegations" and a Florida common law trademark infringement claim asserted solely against EFG. (SAC ¶¶72-76, 94-100). All but one of the "Additional Allegations" concern Plaintiffs alleged licensing of the right to use the disputed phrase in connection with motor vehicle leasing services. However, through the new allegations and supporting exhibits, Plaintiffs indicate and indeed concede that they themselves are not using "Only Pay for What You Use" in connection with *their* "marketing and consulting business." (*Id*. at ¶74). Instead, they allegedly license the use of that descriptive phrase by auto dealers for promoting those auto dealers' leasing services. (*Id*. at ¶¶72-75). Plaintiffs allegedly provide marketing materials and a marketing guide to participating dealerships. (*Id*. at ¶74).

Plaintiffs' marketing guide irrefutably demonstrates the use of "Only Pay for What You Use" to describe the benefits of leasing a vehicle. For example, Plaintiffs explain that their licensed dealers will have a "competitive advantage in your market, as your dealership's salesforce will be able to explain the benefits and advantages of leasing" by using the descriptive "Only Pay for What You Use" phrase. (Dkt. 51-4 at 4). Plaintiffs further boast that by using the "Only Pay for What You Use" phrase, the dealers will "simplify their introduction and explanation of leasing for your salesforce and for your customers." (*Id*. at 7). Plaintiffs also recommend that dealers use the phrase descriptively to customers because the phrase "helps [dealers] better explain the benefits of leasing, as you do *only pay for what you use*." (*Id*. at 9) (emphasis added).

4

Plaintiffs then rely on the conclusory allegations discussed above, asserting claims against Chrysler Capital for: (1) Trademark Infringement under 15 U.S.C. §1114; and (2) Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a). (*Id*. at ¶¶79-83, 89-93). In each count, Plaintiffs merely recite legal conclusions, parrot the statutory requirements for liability, and refer to allegations "as described herein," but provide no facts that would give rise to a plausible right to relief beyond a speculative level.

## REMARKS

**I.   The Second Amended Complaint Should be Dismissed Because it Fails to State a Claim for Relief that is Plausible on its Face.**

To survive a motion to dismiss, a complaint must contain "enough facts to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). When considering motions to dismiss, federal courts apply a two-pronged approach: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). A court should dismiss a complaint comprised of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are not corroborated by factual allegations. *Iqbal*, 556 U.S. at 678.

**II.     Plaintiffs Fail to Allege Ownership of a Valid Trademark for Motor Vehicle Leasing Services and that Chrysler Capital Used the Descriptive Phrase in a Manner Likely to Cause Consumer Confusion.**

To survive a motion to dismiss, Plaintiffs' complaint must allege facts sufficient to plausibly suggest that: (1) it owns a valid trademark; (2) Chrysler Capital used the mark without authorization; and (3) Chrysler Capital's use is likely to cause confusion, mistake or deception as to the source, affiliation, or sponsorship of Chrysler Capital's services. *See, e.g.*, *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (citation omitted).[1] Plaintiffs' claims against Chrysler Capital consist of legal conclusions that are unsupported by facts, thus failing to give rise to a plausible claim that consumer confusion is likely.

**A.     The Court Should Disregard Plaintiffs' Conclusory Allegations Concerning Likelihood of Confusion.**

Plaintiffs fail to allege facts sufficient to show that Defendants' descriptive use of the phrase "Only Pay for What You Use" creates a likelihood of confusion with Plaintiffs as to the source of Chrysler Capital's financial services. Saying so does not make it so. Conclusory allegations regarding likelihood of confusion do not comply with Rule 8 and are insufficient to survive a motion to dismiss. *See, e.g.*, *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) ("[C]onclusory and 'formulaic recitation' of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss.") (citing *Iqbal*, 556 U.S. at 687).

---

[1] A plaintiff must establish the same elements for claims of unfair competition and false designation of origin brought under 15 U.S.C. § 1125 as is required for trademark infringement under 15 U.S.C. § 1114. *See, e.g.*, *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012).

6

Plaintiffs do not claim that Chrysler Capital is using the phrase in association with "business marketing consulting services," or that Chrysler Capital creates advertising materials for third parties. To the contrary, Plaintiffs allege that Chrysler Capital offers financial services to third parties in the field of vehicle leasing, and vaguely assert that "Defendants" have used the phrase in commerce. (SAC ¶¶40-41, 55). Plaintiffs only cite to two instances where Defendants allegedly used the Registered Mark—one a "lease sales aid" flyer and another in "lease end" video. (*Id*. at ¶56). The Court has already noted that these two instances were "clearly descriptive and intended to convey that one of the benefits of leasing is that customers pay for the leased term and no more." (Order at 7).

Plaintiffs also repeat the same unsupported conclusory assertion "upon information and belief" that Defendants' alleged use of the descriptive phrase has caused actual confusion and deceived the "relevant consuming public." (SAC ¶62-64). The Court determined that this assertion was insufficient "to raise the likelihood of confusion to a plausible level." (Order at 11). To the extent Plaintiffs allege anything beyond formulaic recitation of "confusion" or "likelihood of confusion," which are insufficient to support a claim, Plaintiffs' allegations provide no insight as to who is confused by Defendant's use of the descriptive phrase or how that confusion came about. *See Iqbal*, 556 U.S. at 687 ("Rule 8 does not empower respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss.").

**B.     Plaintiffs Are Not Using the Registered Mark in Connection with Business Marketing Consulting Services.**

Plaintiffs offer "business marketing consulting services," SAC ¶19, and the Registration for ONLY PAY FOR WHAT YOU USE covers "business marketing

7

consulting services in connection with selling and leasing motor vehicles." (SAC ¶1). In the original Complaint and the First Amended Complaint, Plaintiffs provided no facts demonstrating how, where or in what manner they use the asserted mark. (Complaint, DE 1 ¶¶17-29; First Am. Compl., DE 20 ¶¶24-39). Plaintiffs' Second Amended Complaint mirrors the same conclusory statements concerning their use of the mark from the earlier complaints. (*See* SAC ¶¶24-39). However, for the first time, Plaintiffs have finally provided insight into their services. (*See id*. at ¶74, Ex. 4, DE 51-4).

Specifically, Plaintiffs' marketing guide demonstrates that Plaintiffs are *not* using the "Only Pay for What You Use" phrase on the business marketing consulting services listed in the Registration. (*See* DE 51-4). Rather, they purport to license the phrase to automotive dealers, who then use the phrase to explain the advantages of leasing a vehicle. (*See, e.g., id*. at 4, 7, 9). The marketing guide makes clear that Plaintiffs are trying to use the common, descriptive phrase to obtain a "competitive advantage in [the dealers'] market" because the dealerships "will be able to explain the benefits and advantages of leasing." (*Id*. at 4). Plaintiffs recognize and admit that the phrase "helps [dealers] better explain the benefits of leasing, as you do *only pay for what you use*." (*Id*. at 9) (emphasis added). The Supreme Court has criticized this practice, noting that "[t]here is no indication that the [Lanham Act] was meant to deprive commercial speakers the ordinary utility of descriptive words." *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122 (2004).

Plaintiffs by their statements concede that they themselves are not using the phrase in connection with the services identified in the Registration. Yet they purport to have exclusive rights by virtue of a trademark registration (even though there is no use

8

associated with the listed services) and a license to automotive dealers to use the phrase to describe the benefits of leasing a vehicle. Plaintiffs have not alleged, nor can they have, a legitimate claim to regulate Defendants' use of the common phrase "Only Pay for What You Use." Additionally, Plaintiffs' Second Amended Complaint repeats the same conclusory allegations as the previous complaints without bolstering the factual assertions—all which are insufficient to raise likelihood of confusion to a plausible level. The Second Amended Complaint should therefore be dismissed with prejudice.

## CONCLUSION

The Second Amended Complaint should be dismissed in its entirety because Plaintiffs failed to plead facts to support any claim on which relief can be granted.

Date:   March 13, 2020            **LOCKE LORD LLP**

By:   */s/ Thomas J. Cunningham*
Thomas J. Cunningham (FL Bar No. 121997)
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T: 561.820.0201
TCunningham@lockelord.com

H. Straat Tenney (*pro hac vice*)
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
T: 212.912.2915
straat.tenney@lockelord.com

*Attorneys for Santander Consumer USA Inc., d/b/a Chrysler Consumer.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020, I filed the foregoing document via the Court's CM/ECF system which will automatically send electronic notice of such filing to all counsel of record registered with the Court's CM/ECF system, namely:

Aiman Saleem Farooq
Morgan & Morgan, P.A.
8151 Peters Road
4th Floor
Plantation, FL 33324
(954) 327-3041
Fax: (954) 327-3024
Email: afarooq@forthepeople.com

David Fisher Tamaroff
Morgan & Morgan, P.A.
Business Trial Group
703 Waterford Way, Suite 1050
Miami, FL 33126
(305) 929-1922
Fax: (305) 929-1941
Email: dtamaroff@forthepeople.com

Laura Ganoza
Foley & Lardner LLP
Suite 1900 One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131
305-482-8400
Fax: 305-482-8600
Email: lganoza@foley.com

Angelica Leigh Novick
Foley & Lardner LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
(305) 484-8432
Email: aboutwell@foley.com

                                                                   */s/ Thomas J. Cunningham*
                                                                   Thomas J. Cunningham