Exhibit #1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61069-Dimitrouleas/Snow

MARK W. LILLY

    Plaintiff/Counterclaim-Defendant

v.

SANTANDER CONSUMER USA INC.
d/b/a CHRYSLER CAPITAL

    Defendant/Counterclaim-Plaintiff

_____/

## DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 1 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") serves its Amended Objections and Responses to Plaintiff Mark W. Lilly's First Set of Interrogatories as follows:

### INTERROGATORIES

1. Identify, and describe as precisely as you can, Defendant's, or any of its vendor's efforts and actions related to a federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ("ONLY PAY FOR WHAT YOU USE") in the production of either or both of Defendant's Placemat or Video.

RESPONSE:

Chrysler Capital objects to this interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege. Chrysler Capital further objects to this interrogatory on the ground that it is vague because it is unclear what is meant by a "copyright search." Chrysler Capital further objects to this interrogatory on the ground that it seeks

1

91458928v.1

information that is neither relevant to any claim or defense nor proportional to the needs of the case.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Chrysler Capital did not create the Placemat and has no information responsive to this interrogatory concerning the Placemat. Chrysler Capital developed a video directed to customers whose vehicle lease term is about to end. Chrysler Capital's legal department reviewed and approved the Video before it was published on Chrysler Capital's website.

AMENDED RESPONSE:

Chrysler Capital incorporates its prior objections and response to Interrogatory No. 1 in full. Chrysler Capital further supplements its response as follows: EFG created the Placemat. Chrysler Capital further notes that Greg Gordon did not show a copy of the Placemat to Plaintiff at the January 2019 meeting. Rather, Mr. Gordon showed Plaintiff a copy of an educational flyer that Chrysler Capital developed in 2013. *See* CC000076-CC000077. Chrysler Capital has no further or more specific responsive information in its possession, custody, or control. EFG advised Chrysler Capital that EFG has no information concerning "a federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ('ONLY PAY FOR WHAT YOU USE') in the production of either or both of Defendant's Placemat or Video."

AS TO OBJECTIONS ONLY,

Dated: March 15, 2021.

/s/ H. Straat Tenney
H. Straat Tenney (*pro hac vice*)
LOCKE LORD LLP
200 Vesey Street, 20th Floor
New York, NY 10281
Tel: 212.912.2915
straat.tenney@lockelord.com

Thomas J. Cunningham
Florida Bar No. 121997
LOCKE LORD LLP
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T. 561.820.0201
tcunningham@lockelord.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of March 2021, I served a true copy of the foregoing by email on Plaintiff Mark W. Lilly.

/s/ *H. Straat Tenney*
H. Straat Tenney

4

*Exhibit #2*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-61069-Dimitrouleas/Snow

**MARK W. LILLY**

    **Plaintiff/Counterclaim-Defendant**

v.

**SANTANDER CONSUMER USA INC.**
**d/b/a CHRYSLER CAPITAL**

    **Defendant/Counterclaim-Plaintiff**

_____/

## DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES TO NOS. 1-6 AND 9 OF PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), by and through its undersigned attorneys, serves its Amended Objections and Responses to Plaintiff Mark W. Lilly's First Set of Requests for Production of Documents, as follows:

### DEFINITIONS & INTRODUCTION

A.    The definitions included as part of Defendant's First Set of Requests for Production of Documents and Things to Plaintiff served on Mark W. Lilly ("Plaintiff") on September 30, 2020 are incorporated herein by reference, unless otherwise stated herein.

B.    By agreeing to produce any documents as may be in its possession, custody, or control that are responsive to certain requests, Defendant makes no representation as to whether such documents actually exist, and do not undertake to respond to these requests with documents. Production of documents in response to the Requests is qualified by the objections, whether general or specific, asserted herein. Production of documents does not waive any objections asserted.

1

91458934v.1

C.  Defendant will respond to the Requests based on the best of its present knowledge, information, and belief, and based on documents currently available. The responses are, at all times, subject to such additional or different information that discovery or future investigation may disclose, and such additional knowledge or facts as may result from either discovery or investigation. Defendant's investigation is continuing. In the event that Defendant learns of additional responsive non-privileged information, Defendant will timely supplement these responses in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure. Defendant reserves the right to supplement or amend its responses upon, among other things, discovery of additional facts and materials and other developments in this proceeding, however, Defendant objects to any request to supplement such responses except as required by Rule 26(e) of the Federal Rules of Civil Procedure and the Local Rules.

D.  By its production of any information in response to the Requests, Defendant does not waive any right to object to the admissibility of any such documents or information, at or before trial or otherwise. All such objections are expressly reserved. Specific objections to individual Requests are stated in response to each such request.

## **REQUESTS FOR PRODUCTION**

1.  Produce all documents and things concerning Defendant's creation and dates of initial use, public display and or distribution Chrysler Capital's Placemat and Video.

RESPONSE:

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents and things concerning information that is irrelevant to the subject matter of this action. Chrysler Capital further objects to this request on the ground that it seeks documents protected by the attorney-

2

client privilege and work product doctrine. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's creation and dates of initial use, public display and or distribution of the Placemat. Chrysler Capital will produce responsive, non-privileged documents concerning Chrysler Capital's creation and dates of initial use, public display and/or distribution of the Video.

AMENDED RESPONSE:

Chrysler Capital objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request to the extent that it infers or implies that EFG created the Placemat for Chrysler Capital. EFG did not create the Placemat for or at the direction of Chrysler Capital.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital has produced responsive, non-privileged documents concerning Chrysler Capital's creation and dates of initial use, public display and/or distribution of the Video. Chrysler Capital identified no further responsive documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's creation and dates of initial use, public display and or distribution of the Placemat. EFG advised Chrysler Capital that EFG identified no responsive documents within EFG's possession, custody or control relating to EFG's creation and dates of initial use, public display and or distribution of the Placemat. The Video is inapplicable to EFG.

2. Produce all documents and things concerning the creation of Defendant's Placemat including the related total lease training services and materials utilizing the Placemat offered to dealers, including but not limited to; training curriculum, salesperson customer interaction scripts, training presentations, in-person training provided either in-dealership, at a remote location or online.

RESPONSE:

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents and things concerning information that is irrelevant to the subject matter of this action. Chrysler Capital further objects to this request on the ground that it seeks documents protected by the attorney-client privilege and work product doctrine. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to the creation of the "Placemat including the related total lease training services and materials utilizing the Placemat offered to dealers, including but not limited to; training curriculum, salesperson customer interaction scripts, training presentations, in-person training provided either in-dealership, at a remote location or online."

AMENDED RESPONSE:

Chrysler Capital objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request to the

4

91458934v.1

extent that it infers or implies that EFG created the Placemat for Chrysler Capital. EFG did not create the Placemat for or at the direction of Chrysler Capital.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to the creation of the "Placemat including the related total lease training services and materials utilizing the Placemat offered to dealers, including but not limited to; training curriculum, salesperson customer interaction scripts, training presentations, in-person training provided either in-dealership, at a remote location or online." EFG advised Chrysler Capital that EFG identified no responsive documents within EFG's possession, custody or control relating to the creation of the "Placemat including the related total lease training services and materials utilizing the Placemat offered to dealers, including but not limited to; training curriculum, salesperson customer interaction scripts, training presentations, in-person training provided either in-dealership, at a remote location or online." EFG has provided a copy of the Placemat to Chrysler Capital, lease training slides that EFG developed for Chrysler Capital, and invoices for those services. *See* CC00353-589. However, none of the lease training slides that EFG developed for Chrysler Capital contain the Placemat.

3. Produce all documents and things concerning Defendant's, or any of its vendor's federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ("ONLY PAY FOR WHAT YOU USE®") in the production of either or both of Defendant's Placemat or Video.

RESPONSE:

5

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents and things concerning information that is irrelevant to the subject matter of this action. Chrysler Capital further objects to this request on the ground that it seeks documents protected by the attorney-client privilege and work product doctrine. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request on the ground that "copyright search" is vague and undefined and copyright law is unrelated to the subject matter of this action.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's "or any of its vendor's federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ('ONLY PAY FOR WHAT YOU USE') in the production of either or both of [the] Placemat or Video."

AMENDED RESPONSE:

Chrysler Capital objects to this request on the ground that it seeks information protected from disclosure by the attorney-client privilege. Chrysler Capital will provide documents pertaining to whether a trademark search was conducted regarding the Placemat by either Chrysler Capital or its vendors (if any). Chrysler Capital will not provide any opinion given by counsel to Chrysler Capital or its vendors' trademark searches pertaining to the Placemat. [DE 103 at 8]. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request

to the extent that it infers or implies that EFG created the Placemat for Chrysler Capital. EFG did not create the Placemat for or at the direction of Chrysler Capital.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's "or any of its vendor's federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ('ONLY PAY FOR WHAT YOU USE') in the production of either or both of [the] Placemat or Video." EFG advised Chrysler Capital that EFG was unable to identify any responsive documents within EFG's possession, custody or control relating to EFG's "federal trademark and/or copyright search conducted before utilizing Plaintiff's Slogan ('ONLY PAY FOR WHAT YOU USE') in the production of either or both of [the] Placemat or Video." The Video is inapplicable to EFG.

4. Produce all documents and things concerning Defendant's or any of its vendor's communications, offerings, announcements, advertising or schedules offering the Placemat and or any of its related lease training services and materials to dealers.

RESPONSE:

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents and things concerning Chrysler Capital's "or any of its vendor's communications, offerings, announcements, advertising or schedules offering . . . any of its related lease training services and materials to dealers." The only relevant materials to this matter are the Placemat and Video. All other "lease training services and materials" that do not contain the descriptive phrase "Only Pay for What You Use" are irrelevant to the subject matter of this action.

7

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's "or any of its vendor's communications, offerings, announcements, advertising or schedules offering the Placemat."

AMENDED RESPONSE:

Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to Chrysler Capital's "or any of its vendor's communications, offerings, announcements, advertising or schedules offering the Placemat" or lease training materials that utilize the Placemat or any such materials that were provided to automobile dealers. EFG has provided Chrysler Capital with invoices and slides relating to lease training services that EFG provided Chrysler Capital in 2013 and 2014. *See* CC00353-575, CC00578-589. None of the invoices or lease training slides that EFG developed for Chrysler Capital concern or use the Placemat. EFG advised Chrysler Capital that EFG identified no further responsive documents within EFG's possession, custody or control relating to its "communications, offerings, announcements, advertising or schedules offering the Placemat" or lease training materials that utilize the Placemat or any such materials that were provided to automobile dealers.

5.   Produce a complete list of all dealerships, FCA dealers and non-FCA dealers, who received the placemat and or any of its related lease training services or materials from Defendant or any of its vendors, including each dealer's principles/owners, key manager's names, dealership addresses/locations, phone numbers, and the exact dates each dealer first received the Placemat and/or any of Defendant's lease training services or materials.

8

RESPONSE:

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks a list of all dealerships that received a document that Chrysler Capital neither created nor distributed. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to "a complete list of all dealerships, FCA dealers and non-FCA dealers, who received the placemat and or any of its related lease training services or materials from Defendant or any of its vendors, including each dealer's principles/owners, key manager's names, dealership addresses/locations, phone numbers, and the exact dates each dealer first received the Placemat and/or any of Defendant's lease training services or materials."

AMENDED RESPONSE:

Chrysler Capital objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request to the extent that it infers or implies that EFG created the Placemat for Chrysler Capital. EFG did not create the Placemat for or at the direction of Chrysler Capital.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to "a complete list of all dealerships, FCA dealers and non-FCA dealers, who received the Placemat and or any of its related lease

9

91458934v.1

training services or materials from Defendant or any of its vendors, including each dealer's principles/owners, key manager's names, dealership addresses/locations, phone numbers, and the exact dates each dealer first received the Placemat" and/or training materials utilizing the Placemat. EFG trained Chrysler Capital employees. EFG did not train dealers or dealership employees. EFG advised Chrysler Capital that EFG identified no responsive documents within EFG's possession, custody or control relating to "a complete list of all dealerships, FCA dealers and non-FCA dealers, who received the Placemat and or any of its related lease training services or materials from Defendant or any of its vendors, including each dealer's principles/owners, key manager's names, dealership addresses/locations, phone numbers, and the exact dates each dealer first received the Placemat" and/or training materials utilizing the Placemat.

6. Produce all documents and things concerning any and all revenue, fees or consideration received by Defendant's or by any of its vendors, paid by dealers for the Placemat and or any of its related lease training services or materials.

RESPONSE:

Chrysler Capital objects to this request on the ground that it is overbroad and not proportional to the needs of the case to the extent that it seeks "all" documents and things concerning information that is irrelevant to the subject matter of this action. Chrysler Capital further objects to this request to the extent that it seeks information concerning business arrangements between third parties (i.e., unnamed "vendors" and "dealers") to which Chrysler Capital is not a party. Chrysler Capital further objects to this request on the ground that "consideration" is vague and undefined. Chrysler Capital further objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not.

91458934v.1

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to "any and all revenue, fees or consideration received by [Chrysler Capital] or by any of its vendors, paid by dealers for the Placemat and or any of its related lease training services or materials."

AMENDED RESPONSE:

Chrysler Capital objects to this request to the extent it infers or implies that Chrysler Capital created the Placemat. It did not. Chrysler Capital further objects to this request to the extent that it infers or implies that EFG created the Placemat for Chrysler Capital. EFG did not create the Placemat for Chrysler Capital.

Subject to and without waiver of the foregoing, Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to "any and all revenue, fees or consideration received by [Chrysler Capital] or by any of its vendors, paid by dealers for the Placemat" and/or training materials utilizing the Placemat. EFG has provided Chrysler Capital with invoices relating to lease training services that EFG provided Chrysler Capital in 2013 and 2014. *See* CC00353-575, CC00578-589. None of the invoices that EFG provided Chrysler Capital contain the Placemat. EFG advised Chrysler Capital that EFG identified no further responsive documents within EFG's possession, custody or control relating to "any and all revenue, fees or consideration received by [Chrysler Capital] or by [EFG], paid by dealers for the Placemat" and/or training materials utilizing the Placemat.

9. Produce all documents and things concerning the existence of any and all insurance policies or agreements Defendant can identify that Chrysler Capital carries on its own,

11

or either of its parent companies (Santander or FCA), or that any of its vendors relative to this action carry, may have any type of "errors and omissions" insurance coverage that might be liable to satisfy all or part of a possible judgment or settlement in this action.

RESPONSE:

Following a reasonable search, Chrysler Capital was not able to identify any responsive, non-privileged documents within Chrysler Capital's possession, custody or control relating to "any and all insurance policies or agreements Defendant can identify that Chrysler Capital carries on its own, or either of its parent companies (Santander or FCA), or that any of its vendors relative to this action carry, may have any type of 'errors and omissions' insurance coverage that might be liable to satisfy all or part of a possible judgment or settlement in this action."

AMENDED RESPONSE:

Chrysler Capital responds as follows: Following a reasonable search, Chrysler Capital identified no responsive documents within Chrysler Capital's possession, custody or control relating to "any and all insurance policies or agreements Defendant can identify that Chrysler Capital carries on its own, or either of its parent companies (Santander or FCA), or that any of its vendors, including EFG, relative to this action carry, may have any type of 'errors and omissions' insurance coverage that might be liable to satisfy all or part of a possible judgment or settlement in this action." Chrysler Capital is not relying on any insurance policy that may be liable to satisfy all or part of a judgment in this case.

91458934v.1

Dated: March 15, 2021

/s/ *H. Straat Tenney*
H. Straat Tenney (*pro hac vice*)
LOCKE LORD LLP
200 Vesey Street, 20th Floor
New York, NY 10281
T. 212.912.2915
straat.tenney@lockelord.com

Thomas J. Cunningham
Florida Bar No. 121997
LOCKE LORD LLP
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
T. 561.820.0201
tcunningham@lockelord.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of March, 2021, I served a true copy of the foregoing by email on Plaintiff Mark W. Lilly.

/s/ *H. Straat Tenney*
H. Straat Tenney